IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20–cv–00688–WJM–KMT

GARYMICHAEL LYNN BARNETT,

    Plaintiff,

v.

ELIZABETH BROADWELL, Nurse Practitioner,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

Before the court is Plaintiff's "Notice of Motion for Default Judgement [sic]." (["Motion"], Doc. No. 69.) No further briefing has been filed as to the Motion, and the time to do so has lapsed.

### STATEMENT OF THE CASE

*Pro se* Plaintiff Garymichael Lynn Barnett ["Mr. Barnett," or "Plaintiff"], an inmate in the custody of the Colorado Department of Corrections ["CDOC"], brings this lawsuit under 42 U.S.C. § 1983, asserting violations of his Eighth Amendment rights by a CDOC contracted medical provider, Defendant Elizabeth Broadwell ["Ms. Broadwell," or "Defendant Broadwell"]. (["Second Amended Complaint"], Doc. No. 47, at 2, 4.) Mr. Barnett alleges, specifically, that in 2019, while he was recuperating from shoulder surgery at the CDOC's Sterling Correctional Facility ["SCF"], Ms. Broadwell refused to provide him with post-surgical physical therapy, in

direct contravention of his surgical team's orders, and otherwise acted with deliberate indifference to his serious medical needs, causing him to suffer "unnessecary [sic] pain," and leaving him "perm[a]nently disabled." (*Id.* at 6-10.)

Based on these allegations, on March 11, 2020, Plaintiff commenced this lawsuit, initially against ten named defendants and ten John/Jane Does, in their individual capacities only. (Doc. No. 1.) Mr. Barnett thereafter amended his complaint, on June 12, 2020, and again, on January 12, 2021, ultimately deleting all parties and claims except the following: (1) an Eighth Amendment deliberate indifference claim against Ms. Broadwell and another medical provider at SCF, Trisha Kautz; and (2) a First Amendment retaliation claim against Trisha Kautz and the SCF Warden, Jeff Long.[1] (Second Am. Compl. 2, 4, 16-20; *see* Doc. No. 11.) As relief, Plaintiff requests nominal, compensatory, and punitive damages. (Second Am. Compl. 20-21.)

On January 15, 2021, this court directed the United States Marshals Service to serve Ms. Broadwell at the address provided by Mr. Barnett. (Doc. No. 52.) On March 11, 2021, the United States Marshals Service filed a proof of service, indicating that personal service of Ms. Broadwell was completed on March 9, 2021. (Doc. No. 59.) After Ms. Broadwell's responsive pleading deadline then lapsed, on May 27, 2021, Mr. Barnett moved for entry of default, pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 68.) The Clerk entered default against Ms. Broadwell that same day. (Doc. No. 70.) Mr. Barnett now moves for the entry of default judgment against Ms. Broadwell, in accordance with Federal Rule of Civil Procedure 55(b). (Mot. 1.)

---

[1] Trisha Kautz and Jeff Long were subsequently dismissed from this lawsuit, on May 4, 2021, at Plaintiff's request. (Doc. No. 65; *see* Doc. No. 60.) Therefore, only the Eighth Amendment deliberate indifference claim against Ms. Broadwell, in her individual capacity, remains.

## STANDARDS OF REVIEW

### I. Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (stating that a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to an application of different rules. *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### II. *Federal Rule of Civil Procedure 55*

Default judgment may be entered against a party who fails to appear or otherwise defend. Fed. R. Civ. P. 55. Federal Rule of Civil Procedure 55 mandates a two-step process for the entry of a default judgment. First, a party must obtain a Clerk's entry of default. Fed. R. Civ. P. 55(a)

("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Second, the party must either request the Clerk to enter default judgment, if the claim is for a "sum certain," or, "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(1)-(2).

The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (citation omitted). In exercising that discretion, the court recognizes that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains (In re Rains)*, 946 F.2d 731, 732 (10th Cir. 1991) (citation omitted). "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* The remedy serves to protect a plaintiff from "interminable delay and continued uncertainty as to h[er] rights." *Id.* at 733.

Before entering default judgment, the court must consider whether it has subject matter jurisdiction over the action and personal jurisdiction over the defaulting defendant. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986). Next, the court must consider whether the well-pleaded allegations of fact—which are admitted by a defendant upon default—support a judgment on the claims against the defaulting defendant. *See Tripodi*, 810 F.3d at 765 ("[E]ven in default, a defendant is not prohibited from challenging the legal sufficiency of the admitted factual allegations. The judgment must be supported by a sufficient basis in the pleadings."). If the court finds that "the unchallenged facts create a legitimate basis for the entry of a [default]

judgment," default judgment may then be entered. *Villanueva v. Account Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1066 (D. Colo. 2015) (citation omitted).

## ANALYSIS

### I. Jurisdiction

In determining whether the entry of a default judgment is warranted here, the court must first consider whether it has both subject matter and personal jurisdiction. *Williams*, 802 F.2d at 1203.

### A. Subject Matter Jurisdiction

Plaintiff alleges that this court has subject matter jurisdiction over this matter, because the action arises out of alleged violations of his federal constitutional rights. (Second Am. Compl. 5.) Federal question jurisdiction is governed by 28 U.S.C. § 1331, which provides, in pertinent part, that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1343(a) of the United States Code likewise grants federal district courts with original jurisdiction over civil rights actions, including those "[t]o redress the deprivation, under color of any State law, . . . of any right, privilege, or immunity secured by the Constitution of the United States[.]" 28 U.S.C. § 1343(a)(3); *Howard v. Higgins*, 379 F.2d 227, 228 (10th Cir. 1967) ("Section 1343(3) confers federal jurisdiction without regard to the amount in controversy over claims arising under Section 1983 to redress the deprivation of civil rights.").

The court, therefore, has subject matter jurisdiction over this action, pursuant to 28 U.S.C. §§ 1331 and 1343(a), as this action alleges a deprivation of Plaintiff's Eighth Amendment rights committed by an individual acting under color of state law. (Second Am. Compl. 2, 4, 6-

10.)  Thus, the first requirement for the entry of default judgment is met.  *See Millward v. Bd. of Cnty. Comm'rs of Cnty. of Teton, Wyo.*, No. 17-CV-117-SWS, 2017 WL 11392641, at *2 (D. Wyo. Sept. 21, 2017) ("This Court's jurisdiction over Plaintiff's § 1983 claim exists under 28 U.S.C. § 1331 because it is a civil action arising under federal law and under 28 U.S.C. § 1343 because Plaintiff alleges a deprivation of civil rights."); *see also Steele v. Wetzel*, No. 14-4823, 2018 WL 2348687, at *4 (E.D. Pa. May 1, 2018) (finding the first requirement for entry of default judgment to be met, where the action was brought under 42 U.S.C. § 1983 and alleged a violation of the plaintiff's Eighth and Fourteenth Amendment rights).

### B. *Personal Jurisdiction*

The entry of default judgment in a civil action likewise requires personal jurisdiction over the defaulting defendant.  *See Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) ("A default judgment in a civil case is void if there is no personal jurisdiction over the defendant.").  However, before analyzing personal jurisdiction, the court must first address the adequacy of service of process.  *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Okla. Radio Assocs. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 943 (10th Cir. 1992) ("[S]ervice of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served."); *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983) ("default judgment subject to attack as void for failure to serve defendant").

The Second Amended Complaint identifies Elizabeth Broadwell as an individual. (Second Am. Compl. 2.)  Federal Rule of Civil Procedure 4(e) ["Rule 4(e)"], which governs

6

service of individuals, provides that a plaintiff may serve process on an individual located within the United States by either: (1) "delivering a copy of the summons and of the complaint to the individual personally;" (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Alternatively, service of such an individual may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Colorado, the forum state here, authorizes service of a natural person above the age of eighteen as follows: (1) "by delivering a copy [of the summons and complaint] to the person;" (2) "by leaving a copy thereof at the person's usual place of abode, with any person whose age is eighteen years or older and who is a member of the person's family, or at the person's usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent;" or (3) "by delivering a copy to a person authorized by appointment or by law to receive service of process." Colo. R. Civ. P. 4(e)(1). If this cannot be accomplished, a plaintiff may serve a defendant by filing a motion for substituted service. Colo. R. Civ. P. 4(f)-(g).

Here, the record shows that, on July 20, 2020, the Clerk mailed copies of the then-operative complaint and waiver of service forms to the CDOC for service of process on Elizabeth Broadwell, Trisha Kautz, and Jeff Long. (Doc. No. 15.) Later that same day, the CDOC's Office of Legal Services returned a waiver of service form, which was executed as to Trisha Kautz and Jeff Long, but unexecuted as to Ms. Broadwell. (Doc. No. 16.) The returned

7

waiver of service form explained that "ELIZABETH BROADWELL is not a [C]DOC employee but provided contractual clinical services." (*Id.*)

Mr. Barnett is proceeding *in forma pauperis* ["IFP"] in this case. (Doc. No. 5.) As an IFP-litigant, he is entitled to rely on the United States Marshals Service to carry out service on his behalf. *See* Fed. R. Civ. P. 4(c)(3) (stating that the court must "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915(d)"); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.4 (10th Cir. 2003). On January 14, 2021, Mr. Barnett filed a motion requesting that the United States Marshals Service attempt service of Ms. Broadwell at the purported address of her employer, Correctional Health Partners: 1125 17th Street, Suite 1010, Denver, CO 80202. (Doc. No. 50.) On January 15, 2021, this court directed the United States Marshals Service to serve Defendant Broadwell at that address. (Doc. No. 52.) Roughly three months later, on March 11, 2021, the United States Marshals Service returned a proof of service as to Ms. Broadwell. (Doc. No. 59.) The proof of service states that personal service of Ms. Broadwell was effected, on March 7, 2021, by leaving a copy of the summons and complaint with "Correctional Health Partners" at 1125 17th Street, Suite 1010, Denver, CO 80202. (Doc. No. 59.) The critical inquiry for the court to decide is whether this service was sufficient under Rule 4(e).

First, it is clear that service of Ms. Broadwell has not been accomplished by any means permitted by Rule 4(e)(2), given that the United States Marshals Service did not deliver the summons and complaint to Ms. Broadwell personally, and there is nothing in the record to

8

suggest that 1125 17th Street, Suite 1010, Denver, CO 80202 is Ms. Broadwell's "dwelling or usual place of abode," or that "Correctional Health Partners" is Ms. Broadwell's authorized agent to receive service of process. Fed. R. Civ. P. 4(e)(2). Therefore, the court must consider whether service of Ms. Broadwell, via her employer, was adequate under Colorado law. Fed. R. Civ. P. 4(e)(1).

As noted *supra*, Colorado Rule of Civil Procedure 4(e)(1) ["Colorado Rule 4(e)(1)"] does allow for personal service of an individual by leaving a copy of the summons and complaint "at the person's usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent." Colo. R. Civ. P. 4(e)(1). However, given that Colorado Rule 4(e)(1) includes a defined list of individuals that may accept service on behalf of the defendant (*i.e.,* "the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent"), it logically follows that "the categories of persons to whom process may be delivered" under this rule are not unlimited. *Goodman Assocs., LLC v. WP Mountain Props., LLC*, 222 P.3d 310, 317 (Colo. 2010) (discussing recent revisions to Colorado Rule 4(e)(1), and observing that "[t]he language of the revised rule indicates that delivery to *any* employee at one's usual workplace may be insufficient"); *see Potter v. Johnson*, No. 13-cv-00116-PAB-NYW, 2015 WL 1258653, at *4 (D. Colo. Mar. 17, 2015) ("The text of Rule 4(e)(1) of the Colorado Rules of Civil Procedure requires only that a copy of the process at issue be 'le[ft]' at the workplace *with an employee fitting into any one of a number of express categories*.") (emphasis added).

As the Colorado Supreme Court has explained, "[t]he purpose of the requirement for serving process and a copy of the complaint upon a defendant is to give the defendant notice of

9

the commencement of the proceedings in order to enable that party to attend and prepare a defense." *Bush v. Winkler*, 907 P.2d 79, 83 (Colo. 1995) (citation omitted); *accord Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) ("[A]s a legal matter, the Due Process Clause requires every method of service to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'") (citation omitted). "Thus, while service at a person's workplace is permissible [under Colorado Rule 4(e)(1)], it is only effective in achieving the goal of notice when service is made upon an employee whose position presumptively includes delivery of papers to the relevant party." *Goodman*, 222 P.3d at 317; *see, e.g.*, *Shields v. Duncan*, No. 14-cv-02231-RM-MEH, 2015 WL 3947221, at *3 (D. Colo. June 26, 2015) (finding service on the manager of the motel-defendant insufficient to constitute service on the motel-defendant's registered agent for purposes of Colorado Rule 4(e)(1), because the manager was not the registered agent's "secretary, administrative assistant, bookkeeper or managing agent").

Here, the proof of service filed by the United States Marshals Service states only that process was left with "Correctional Health Partners" at 1125 17th Street, Suite 1010, Denver, CO 80202. (Doc. No. 59.) To the extent that this address qualifies as Ms. Broadwell's "usual workplace," the proof of service does not identify *any* individual to whom process was delivered at the address, if it all. Nor does the proof of service include any details concerning the specific manner in which service was supposedly effected. (*Id.*) Without such additional information, the court cannot determine whether service at Ms. Broadwell's place of employment was, in fact, made to an appropriate person who could accept such service on Ms. Broadwell's behalf. *See*

*Barak v. Rooster's Guide & Outfitting Adventures*, No. 19-cv-03556-RM-GPG, 2020 WL 9424264, at *3 (D. Colo. April 28, 2020) (finding service of a defendant to be insufficient under Colorado Rule 4(e)(1), where the process server merely left the summons and complaint with an individual located at the defendant's place of business, but there was nothing in the record to suggest that the individual was an appropriate person to receive service on behalf of the defendant); *Bey v. Clark*, No. 17-cv-01594-WJM-MEH, 2018 WL 994048, at *6 (D. Colo. Feb. 21, 2018) (finding a *pro se* plaintiff's service of an entity defendant, "1st Class Towing," to be insufficient under Colorado Rule 4(e)(1), where the proof of service showed only that "Tazarna Bey" "personally served the summons on . . . 1st Class Towing," and "did not identify an individual on whom [the process server] served the summons and complaint"); *see also O'Hanlon v. AccessU2 Mobile Solutions, LLC*, 2018 WL 3586395, at *14 (D. Colo. July 26, 2018) ("At most, Ms. Schissler appears to be an employee of Douglass Colony Group, Defendant Cohig's employer, but nothing suggests she is a proper person to accept service under [Colorado] Rule 4(e)(1)."). On this record, then, Plaintiff has not satisfied the requirements for service of Defendant Broadwell under Colorado Rule 4(e)(1). Nor has Plaintiff established that service of Defendant Broadwell was effectuated by any other means that is valid under Colorado law.

Importantly, the prosecution of this lawsuit, including service on Ms. Broadwell, is ultimately Mr. Barnett's responsibility. *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) ("It is the Plaintiff's responsibility to provide the United States Marshal with the address of the person to be served[.]"); *Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) (unpublished) ("[T]he Marshals service is not responsible for lack of service

where a plaintiff does not provide correct information required for service."). Although Plaintiff is a *pro se* inmate, proceeding *in forma pauperis*, he is still required to comply with the same rules of procedure governing other litigants, including Rule 4. *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993).

Therefore, because Mr. Barnett has not shown that Ms. Broadwell was properly served with a summons and complaint in this action, the court presently lacks personal jurisdiction over Ms. Barnett. Accordingly, an entry of default judgment is not appropriate here. *See Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 802 (10th Cir. 2008) (setting aside a default judgment due to ineffective service of summons and complaint); *Shields*, 2015 WL 3947221, at *4 (denying a motion for default judgment due to the plaintiff's failure to perfect service).

Further, the time for service in this case has expired. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). As of this date, more than ninety days have passed since Mr. Barnett filed his operative pleading, and service has not been perfected as to the sole remaining defendant, Ms. Broadwell. However, because Plaintiff's failure to complete service is due, in part, to the dearth of information provided by the United States Marshals Service concerning their service attempt, the court finds "good cause" to extend the deadline to effectuate proper service under Rule 4. *See* Fed. R. Civ. P. 4(m) ("But if the plaintiff shows good cause for the failure [to perfect service], the court must extend the time for service for an appropriate period."); *see also Olsen*, 333 F.3d at 1204-05 (finding good cause to excuse *pro se* IFP-plaintiffs' failure to timely serve, where

there was no evidence that the plaintiffs "failed to cooperate with the U.S. Marshals or were otherwise not entitled to their service"); *Staples v. United States*, No. CIV-16-711-D, 2018 WL 3313129, at *2 (W.D. Okla. Feb. 28, 2018) ("A court should not penalize a plaintiff by dismissing the action when the Marshals Service fails to serve process, unless the defects result from the plaintiff's inadequate or inaccurate information or lack of diligence."). If Mr. Barnett is, in fact, able to complete service of Ms. Broadwell in conformity with Rule 4, he should be permitted to refile his motion for default judgment.

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that the "Notice of Motion for Default Judgement [sic]" (Doc. No. 69) be **DENIED**. The court further **RECOMMENDS** that Plaintiff be granted sixty (60) days from the date that this Report and Recommendation is ruled upon, in which to properly serve Defendant Broadwell and file proof of service with the court.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 19th day of November, 2021.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge